IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1060 |
| | § | |
| KATY INDEPENDENT SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Jane Doe moved to modify the scheduling order and to file an amended complaint. (Docket Entry No. 35). Doe recently retained additional counsel on this matter. Both sides agree that "the individual claims against the School District Defendants, save for Milton, should be dismissed." (*Id.* at p. 2). Doe also argues that she can provide allegations that would "further support" her Title IX claims. (*Id.*).

The defendants oppose amendment because Doe has already amended twice. (Docket Entry No. 36). Doe filed an initial complaint, which the defendants moved to dismiss. Doe filed an amended complaint, and the defendants again moved to dismiss. The court held an initial conference in July 2017, at which it granted the defendants' motion to dismiss, without prejudice and with leave to amend; ordered the parties to exchange initial disclosures; and issued a scheduling order. (Docket Entry No. 25). The plaintiffs then filed a second amended complaint, which the defendants have moved to dismiss. (Docket Entry Nos. 31, 32, 33).

Rule 16(b) requires a district court to enter a scheduling order setting deadlines, including for pleading amendments. *See* FED. R. CIV. P. 16(b)(1). By limiting the time for amending pleadings, Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings

will be fixed." *See id.* (Advisory Committee Notes to 1983 Amendment). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

The Rule 16(b) "good cause" standard, rather than the Rule 15(a) "freely given" standard, governs a motion to amend filed after a court's scheduling-order deadline. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). The good-cause standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). In deciding whether there is good cause to amend a scheduling order, courts consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Bias*, 816 F.3d at 328.

Because Doe moved to modify the scheduling order after the deadline for filing a motion for leave to amend, she must show good cause. Her primary argument is that her recently added counsel believes that amendment is important because she could allege additional facts supporting her Title IX claims, and she could also dismiss her claims against most of the individual school-district defendants. The defendants argue that allowing a fourth amended complaint that does more than dropping most of the individual-defendant claims prejudices the defendants because it would require a fourth motion to dismiss, adding delay and expense.

Doe has shown good cause because she retained new counsel, seeks to dismiss claims against the defendants, and the parties have not yet conducted extensive discovery. Amendment is important because dismissal of the individual defendants will simplify the case. Amendment will

2

not prejudice the defendants because their motion to dismiss will challenge fewer claims and because discovery has been limited to exchanging initial disclosures.

The motion to modify the scheduling order, (Docket Entry No. 35), is granted. The schedule is amended as follows: Doe must file her third amended complaint dismissing most of the individual-defendant claims by December 29, 2017; the defendants must move to dismiss by January 19, 2018; the plaintiffs must respond by February 9, 2018; and the court will hear oral argument on **February 20, 2018 at 9:00 a.m.** No additional amendments will be allowed.

SIGNED on December 20, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge