IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-1060 |
| | § | |
| KATY INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

# ORDER GRANTING DOE'S MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD

In 2015, Jane Doe, an 18-year-old high school senior, had an intimate relationship with one of her teachers, Robert Milton. Doe sued the Katy Independent School District, several District employees, and Milton, asserting federal claims under 42 U.S.C. § 1983, 20 U.S.C. §1681 *et seq.* (Title IX), and a state-law claim for intentional infliction of emotional distress. (Docket Entry No. 1). After four motions to dismiss and multiple amended complaints, the Title IX claim against the District remains. The District has moved for summary judgment that it is not liable under Title IX. (Docket Entry No. 58). Doe responded and the District replied. (Docket Entry Nos. 65, 66). The court heard oral argument on the motion. (Docket Entry No. 70). Doe then moved to supplement the summary judgment record, which the District opposes. (Docket Entry Nos. 71, 74).

Doe's argument is that there were earlier incidents at District schools involving Milton that would allow a jury to find that the District knew of, and was deliberately indifferent to, the risk that he continued to pose to female students like Doe. After the court heard oral argument on the summary judgment motion, Doe moved to supplement the summary judgment record with

declarations from "Jackie,"[1] who Doe alleges had an intimate relationship with Milton while a student at a District school in 2001, and Jackie's uncle, Brian Moorehead. (Docket Entry No. 71).

In 2001, Milton was an art teacher at Mayde Creek High School. (Docket Entry No. 65 at 3). Moorehead testifies in his declaration that Jackie had lived with him while she was a student at Mayde Creek High School. (Docket Entry No. 71-2 at ¶ 3). Moorehead testifies that he had discovered inappropriate "love letters" from Milton to Jackie. (*Id.* at ¶ 4). Moorehead testifies that he told Mayde Creek High School Principal Tompkins that he suspected an "inappropriate, possibly sexual relationship" between Milton and Jackie, based on the letters. (*Id.* at ¶ 6). Jackie reiterates her uncle's testimony about the letters. (Docket Entry No. 71-1 at ¶¶ 4–5). She testifies that she knew her uncle had spoken to Principal Tompkins, and that Milton then told her that Tompkins "forced him to transfer schools because of [her] uncle's report." (*Id.* at ¶ 6).

Whether to allow a party to supplement the summary judgment record is reviewed under Rule 16, governing the modification of a pretrial schedule on a showing of good cause. FED. R. CIV. P. 16(b)(4).[2] The court considers four factors: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287–88 (5th Cir. 2019) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

As to the first factor, Doe explains the delay as resulting "primarily from the sensitive nature of this litigation, the witnesses' reluctance to testify, and geographical considerations resulting from a move out-of-state" by Moorehead. (Docket Entry No. 71 at 3). She argues that

---

[1] Jackie is a pseudonym.
[2] Doe argues that the Rule 59(e) standard, governing modification of a judgment in the event of new evidence, should be applied. (Docket Entry No. 71 at 3). But Rule 16(b) is the correct standard because no judgment has been entered.

the declarations were not available at the time of her response to the District's motion for summary judgment despite diligent efforts to secure them. (*Id.* at 3–4). The District argues that Doe was not diligent; that neither Jackie nor Moorehead is a newly-discovered witness; and that Doe did not request a continuance. (Docket Entry No. 74 at 3).

Doe included allegations about Jackie and Moorehead in her original complaint, filed on April 6, 2017. (Docket Entry No. 1). Doe listed Jackie and Moorehead as individuals with discoverable information in her supplemental disclosures sent on October 24, 2018. (Docket Entry No. 74-B). On December 19, 2018, the court permitted an extension of discovery to March 29, 2019. (Docket Entry No. 57). After the District moved for summary judgment, the court granted Doe's unopposed motion to extend the time for her response to the District's motion. (Docket Entry No. 64). The District points out that Doe did not ask for more time to conduct discovery or tell the court of any difficulties in obtaining the necessary discovery or evidence, even after Moorehead moved from Texas to Louisiana. (Docket Entry No. 74 at 3–4). This factors weighs slightly against Doe, but not heavily. Doe has been otherwise diligent in conducting discovery needed to respond to the many motions the District has filed. The need for these declarations became acute only after the latest motions and argument.

The second factor weighs in favor of Doe because, as she argues, the evidence is "clearly probative." (Docket Entry No. 71 at 3). *See Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 659 (5th Cir. 1997) ("[T]he plaintiff could prevail [under Title IX], for example, by establishing that the school district failed to act even though it knew that [the teacher] posed a substantial risk of harassing students in general.").

The third factor addresses the potential prejudice of allowing the testimony. Doe argues that the District is not unfairly prejudiced because "they had the opportunity to locate and depose

3

these witnesses who were identified to them months (if not years) ago." (Docket Entry No. 71 at 4). The District explains that it contacted Moorehead in the fall of 2018, and he told the District he did not want to be involved in the lawsuit. (Docket Entry No. 74 at 4). When the District's counsel raised this with Doe's counsel, counsel confirmed that Moorehead did not want to be involved and that Doe was no longer "going to be getting any further evidence from Moorehead." (*Id.*). The District decided that if Doe was not going to pursue Moorehead's deposition, it would not do so. (*Id.*).

The District argues that it would be prejudiced by the new evidence. It argues that the previous declarations Doe submitted "greatly exaggerate" or "outright contradict" what the witnesses said in their depositions. (Docket Entry No. 74 at 6). While the District argues that it should have the opportunity to "test" Moorehead's testimony, it notes that attempting to take his deposition would only prolong the resolution of this case. (*Id.*). Because Moorehead now lives out of state, he is outside this court's subpoena power to compel a deposition. (*Id.*). This factor is neutral.

The final factor, the availability of a continuance, is neutral. Courts have refused to allow last minute amendments under Rule 16(b) when doing so would require the court to reopen discovery, necessitate new dispositive motions, and delay resolution of the case. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 238–39 (5th Cir. 2015); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. 01-3624, 2011 WL 3489599, at \*6 (S.D. Tex. Aug. 9, 2011). But this is not a hard and fast rule. While Doe did not delay between receiving the declarations and filing her motion to supplement, it will be necessary to allow the District the opportunity to supplement its summary judgment motion and record, including the opportunity to depose Moorehead if desired.

The court will allow the motion to supplement and give the District until **November 22, 2019**, to supplement the record. Doe may respond by **December 6, 2019**.

SIGNED on October 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge